Carlos **RODRIGUEZ–PEDRAZA,**
et al., **Plaintiff(s)**

v.

**U.S. DEPARTMENT OF DEFENSE,**
et al., **Defendant(s).**

**Civil No. 06–1708(JAG).**

United States District Court,
D. Puerto Rico.

Aug. 16, 2006.

Elaine Rodriguez–Frank, San Juan, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, United States Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion for Preliminary Injunction, filed by the plaintiffs on August 7th, 2006. (Docket No. 8). For the reasons set forth below, the Court **DENIES** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiffs Carlos D. Rodriguez–Pedraza, Elizabeth Hernandez and Juan Vissepo–Ortiz (collectively, "plaintiffs") are employees at the Unites States Department of Agriculture Forest Service (USDA Forest Service). Until recently, plaintiffs' children had been enrolled at the Antilles Consolidated School System at Fort Buchanan,[2] which is part of the Domestic Dependent Elementary and Secondary Schools (DDESS) of the Department of Defense (DOD). Plaintiffs allege that one of Rodriguez–Pedraza's three children, and Hernandez' only child, have been diagnosed with a disability. (Docket No. 1 ¶¶ 3 & 4). No allegation of disability is made as to Vissepo–Ortiz's only child. *Id.,* at ¶ 5.

At the end of the year 2005, plaintiffs were notified by the USDA Forest Service that, pursuant to newly minted federal legislation, the agency was authorized to look for less expensive alternatives for primary and secondary schooling of dependants. Shortly thereafter, the USDA Forest Service informed plaintiffs that Cupeyville School was selected among five other schools that were identified to meet the standards set by the regulations. Plaintiffs' children, however, failed to pass Cupeyville's entrance exam and were denied admission into that private school. Plaintiffs claim that their children did not pass the exam because Cupeyville School "did not agree to accommodate any of the children's handicapping conditions." (Docket No. 8 at ¶ 5(a)).

On May 26th, 2006, Elaine Beraza, Director of the DDES/DOD in Puerto Rico, denied plaintiffs' children continued enroll-

---

**1.** The Court takes the relevant facts from the Verified Complaint and the Motion for Preliminary Injunction. (Dockets No. 1 & 8).

**2.** Fort Buchanan is a United States Army base located in Guaynabo, Puerto Rico.

ment at the Antilles Consolidated School System for the school year 2006–2007. The DDES/DOD explained that its action responded to the fact that Antilles was no longer certified by the USDA Forest Service for the schooling of dependants. Nonetheless, the DDES/DOD informed plaintiffs that it will "be more than happy" to resume providing educational services if the USDA Forest Service "certifies their position and agrees to pay tuition". (Docket No. 1 ¶ 6). To this, the USDA Forest Service responds that it may only pay for tuition in the certified school (Cupeyville), and that it has no legal obligation to pay for education at any other school.

Thus, the plaintiffs' crucible could be summarized as follows: they cannot get the USDA Forest Service to pay for their children's education at the Antilles Consolidated School System because that school is no longer certified by that agency, but neither can they go to Cupeyville School because of the kids' failure to pass the entrance exam. Plaintiffs only options are to send their children to the Puerto Rico public school system or to pay for the school of their choice.

On July 19th, 2006, plaintiffs filed a verified complaint against the DOD and the USDA Forest Service, seeking preliminary and permanent injunctive relief pursuant to the Individuals with Disabilities Education Act ("IDEA"). Although plaintiffs concede that they are currently grieving the USDA Forest Service's action at the administrative level, they contend that "during the pendency of the [administrative] claims[,] their children are entitled to the stay put provision of IDEA." *Id.*, § 7.

On August 7th, 2006, after various procedural events, the plaintiffs filed a Motion for Preliminary Injunction, reasserting the above-referenced request. (Docket No. 8). On August 8th, 2006, the Court ordered the parties to file supplemental memoranda addressing the following questions:

1) Plaintiffs bring this suit pursuant to the Individuals with Disabilities Education Act (IDEA). Which specific provision of that statute, if any, provides them with a cause of action to enjoin the defendants' actions?

2) The plaintiffs concede that an administrative proceeding on the same issue is currently under way. How is this Court's jurisdiction affected by that fact?

3) Are plaintiffs entitled to the payment of tuition by the USDA Forest Service? If so, does that right extend to having the Forest Service pay for the school of their choice?

4) Are the defendants required by law or regulation to guarantee plaintiffs' admission into any school? (Docket No. 11).

The memoranda on the foregoing questions was to be filed no later than August 11th, 2006, at 5:00 p.m.[3] Upon due consideration of the submissions by the parties, the Court finds that there are no material facts in dispute, and that it is appropriate to decide the Motion for Preliminary Injunction without an evidentiary hearing.[4]

## STANDARD OF REVIEW

1. *Standard for Preliminary Injunction*

 The First Circuit evaluates four factors in determining whether to issue a

---

3. The defendants filed their memorandum on August 11th, 2006 at 4:48 p.m. (Docket No. 16). Plaintiffs filed theirs at 7:10 p.m. (Docket No. 18).

4. The Court notes that the plaintiffs moved for a hearing. (Docket No. 3). The defendants did not.

preliminary injunction, to wit: 1) the movant's probability of success on the merits; 2)the likelihood of irreparable harm absent preliminary injunctive relief; 3) a comparison between the harm to the movant if no injunction issues and the harm to the objectors if one does issue; and 4) how the granting or denial of an injunction will interact with the public interest. *New Comm Wireless Services v. SprintCom, Inc.*, 287 F.3d 1 (1st Cir.2002); *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir.1996). The *sine qua non* of this four prong inquiry is the likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity. *New Comm Wireless*, 287 F.3d at 9; *First Medical Health Plan, Inc. v. Vega*, 406 F.Supp.2d 150, 153 (D.P.R.2005). That is, "when the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief." *EEOC v. Astra USA, Inc.*, 94 F.3d 738, 743 (1st Cir.1996).

## DISCUSSION

### 1. *Probability of Success on the Merits*

Plaintiffs argue that the IDEA, 20 U.S.C. § 1415, provides them with a cause of action to have the USDA Forest Service re-certify the Antilles Consolidated School System as provider of "free appropriate public education" for their dependants. 20 U.S.C. § 1415 provides, in pertinent part, that

> [a]ny State educational agency, State agency, or local educational agency that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision

of free appropriate public education by such agencies.

The defendants counter that the IDEA is not enforceable against the USDA Forest Service, because that statute is exclusively directed at state agencies. Moreover, the defendants argue that plaintiffs' failure to exhaust administrative remedies prevents this Court from exercising jurisdiction. The Court agrees.

As illustrated above, § 1415's mandate is directed at "State educational agenc[ies], State agenc[ies], or local educational agenc[ies]." The IDEA defines "state educational agency" as a "state board of education or other agency or officer primarily responsible for the State supervision of public elementary schools and secondary schools, or, if there is no such officer or agency, an officer or agency designated by the Governor or by State law." 20 U.S.C. § 1401(32)(2006). "State," in turn, is defined as "each of the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, and each of the outlying areas." 20 U.S.C. § 1401(31) (2006).

 Thus far, plaintiffs have failed to show how the defendants could be considered as state or local educational agencies. More specifically, plaintiffs fail to demonstrate how the USDA Forest Service and the DOD, both federal agencies, are amenable to suit under the IDEA. In fact, a case previously decided by this Court, *Millet v. United States Department of the Army*, 245 F.Supp.2d 344 (D.P.R.2002), greatly undermines the plaintiffs' position. In *Millet*, the Court held that the IDEA was not applicable to a matter similar to the one at bar, because "the Department of the Army Defendants are not a state or local education agency subject to the [IDEA]". *Id.*, at 354; *see also Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 678–679 (6th Cir.2001).

This finding, coupled with the fact that plaintiffs admit that they have not exhausted administrative remedies, as required by 20 U.S.C. 1415(*l*),[5] lead the Court to conclude that plaintiffs' chances of success on the merits are, at best, slim. Therefore, the application for preliminary injunction must fail.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for Preliminary Injunction filed by plaintiffs.

IT IS SO ORDERED.

---

**5.** *See Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 118 (1st Cir.2003); *Frazier v. Fairhaven School Committee,* 276 F.3d 52, 60–63 (1st Cir.2002).